UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL KIRKLAND,<br><br>                  Plaintiff,<br><br>vs.<br><br>RIO HOTEL & CASINO,<br><br>                  Defendant. | Case No. 2:13-cv-00500-GMN-GWF<br><br>**ORDER**<br><br>Application to Proceed In Forma Pauperis (#1) and Screening of Complaint |

This matter comes before the Court on Plaintiff Daniel Kirkland's ("Plaintiff") Application to Proceed in Forma Pauperis (#1), filed on March 22, 2013. Plaintiff attached his Complaint (#1-1) to the Motion to Proceed in Forma Pauperis.

### DISCUSSION

**I.    Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his Application and Complaint as required by 28 U.S.C. § 1915(a). Having reviewed Plaintiff's financial affidavit under section 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.    Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint under section 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under section 1915(a), the plaintiff should be given leave to

amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff's Complaint is captioned "Reconsideration to Review the Decision of the NERC[1] in this Complaint." It alleges that the Rio Hotel & Casino rejected his job application on the basis of his race (African-American) and age (sixty-two). It appears Plaintiff is attempting to state a claim for discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*.

Title VII allows an individual to sue an employer for discrimination on the basis of race, color, religion, gender, or national origin if he has exhausted both state and Equal Employment Opportunity Commission ("EEOC") administrative procedures. Once Plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to the Attorney General if the charges are against

---

[1] Nevada Equal Rights Commission

a state or local governmental entity. *Id*.

Title VII limits the jurisdiction of federal courts to those claims that the EEOC has examined. Where a plaintiff files his complaint with a state agency, it extends the time for filing the complaint with the EEOC from 180 to 300 days. *See Laquaglia v. Rio Hotel & Casino, Inc.,* 186 F.3d 1172, 1174 (9th Cir. 1999) (footnotes omitted).[2] This allows a state or local agency to consider complaints before invoking federal jurisdiction, but it is not a substitute for EEOC review. *See Porter v. California Dep't of Corrections,* 419 F.3d 885, 891 (9th Cir. 2005). A claimant must still file with the EEOC within the relevant statutory limitations period to invoke federal jurisdiction. *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002)). However, a claim filed only with a state agency is also deemed to have been immediately filed with the EEOC if the state agency has a work-sharing agreement with the EEOC under which the state agency is an agent of the EEOC for the purpose of receiving charges. *See Green v. Los Angeles County Superintendent of Schools,* 883 F.2d 1472, 1476 (9th Cir. 1989). NERC is such an agent. *See* 20 C.F.R. § 1601.74(a) (listing NERC's predecessor, the Nevada Commission on Equal Rights of Citizens). The caption of the Complaint suggests that Plaintiff filed his claim with the NERC, and received an adverse ruling. If so, his NERC Complaint is deemed filed with the EEOC as of the same date.

If the EEOC or Attorney General decides not to sue and if there is no settlement that is satisfactory to Plaintiff, the EEOC will issue Plaintiff a right-to-sue letter and Plaintiff will have exhausted his remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right-to-sue letter, Plaintiff may sue in federal or state court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Plaintiff has not alleged that he has exhausted his administrative remedies. Although he captioned his Complaint as seeking reconsideration of the NERC's decision, the Complaint itself contains no factual

---

[2] Ordinarily, Title VII discrimination claims must be filed with the EEOC within 180 days of when the alleged discrimination occurred. *See* 42 U.S.C. § 2000e-5(e)(1). Where a claimant first files suit with a state agency (like the NERC), the time period for filing is extended as set forth above. *See* 29 U.S.C. § 626(d)(2).

allegations that Plaintiff has received a right-to-sue letter or when he received such a letter. Therefore, his Complaint will be dismissed with leave to amend.

In the event Plaintiff obtains a right-to-sue letter and elects to proceed in this matter by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (#1) is **granted**. Plaintiff shall not be required to pay the $350.00 filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (#1-1).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice for failure to exhaust administrative remedies. Plaintiff may cure this defect by attaching an EEOC right-to-sue letter to the amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **June 15, 2013** to file an amended complaint, in the event he receives a right-to-sue letter from the EEOC.

DATED this 16th day of May, 2013.

GEORGE FOLEY, JR.
United States Magistrate Judge