UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL KIRKLAND,<br><br>                     Plaintiff,<br><br>vs.<br><br>RIO HOTEL & CASINO,<br><br>                     Defendant. | Case No. 2:13-cv-00500-GMN-GWF<br><br>**ORDER** |

      This matter comes before the Court on Plaintiff Daniel Kirkland's ("Plaintiff") Amended Complaint (#4), filed on June 17, 2013. The Court permitted Plaintiff to pursue this matter in forma pauperis, but dismissed Plaintiff's original Complaint, with leave to amend, for failure to exhaust administrative remedies. *See May 16, 2013 Order, Doc. #2*.

**DISCUSSION**

    **I.    Screening the Complaint**

      Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint under section 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under section 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

. . .

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The Amended Complaint asserts claims of race and age discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, retaliation, wrongful termination, and breach of contract. The Complaint's caption also indicates Plaintiff seeks relief for the alleged discrimination under 42 U.S.C. § 1983. Plaintiff, an African-American male aged 62, claims he was employed by the Rio Casino and Hotel as a poker dealer at the time of the occurrences alleged to have given rise to Plaintiff's Complaint. He has been so employed since 1975 with various Caesars Entertainment Corporation properties. Sometime prior to November 15, 2011, Plaintiff alleges a manager promised Plaintiff that he was "next in line" for a full-time poker dealer position. On November 15, 2011, Plaintiff claims a young, white male was offered a full-time poker dealer position. Shortly thereafter, Plaintiff alleges two more young, white males were hired in the same capacity. On May 14, 2012, Plaintiff was terminated from employment after a complaint was made regarding Plaintiff handing out his business card at Bally's, another Caesars property. Plaintiff avers he received his right-to-sue letter from the Equal Employment Opportunity Commission on November 6, 2012.

To state a discrimination claim under Title VII, Plaintiff must allege that: (1) he belonged to a protected class; (b) he was qualified for the job; (3) he was subjected to an adverse employment action; and (4) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006); *see also* 42 U.S.C. § 2000e-3(e). Here, Plaintiff's allegations, taken as true, establish that he was a member of a protected class both as regards to his race and his age, that he was qualified for the position of full-time poker dealer, that he did not receive the position as promised, and that individuals who were not a member of either of Plaintiff's protected classes were hired for the same position. Therefore, the Court finds that Plaintiff has stated a claim for discrimination under Title VII both as regards his race and his age.

To state a retaliation claim under Title VII, Plaintiff must allege that: (1) he engaged in a protected activity, such as complaining about discriminatory practices; (2) he suffered an adverse employment action; and (3) there is a causal connection between his protected activity and the adverse act. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008). Here, Plaintiff has pled no facts that establish he engaged in any protected activity. Accordingly, the Court finds that Plaintiff has not stated a claim for retaliation under Title VII.

To state a claim for breach of contract, Plaintiff must allege that: (1) there was a valid contract; (2) Defendant breached the contract; and (3) damages exist as a result of the breach. *Brown v. Kinross Gold USA, Inc.*, 531 F.Supp.2d 1234, 1240 (D. Nev. 2008). For a valid contract, there must be "an offer and acceptance, meeting of the minds, and consideration." *In re Zappos.com*, 893 F.Supp.2d 1058, 1062-63 (D. Nev. 2012). An enforceable contract "requires a manifestation of mutual assent in the form of an offer by one party and acceptance thereof by the other ... [and] agreement or meeting of the minds of the parties as to all essential elements." *Id.* at 1063 (internal citations omitted). Plaintiff has not pled sufficient facts to establish there was a valid contract in this case. There may be sufficient allegations to support an offer and acceptance occurred, but there are none to support the existence of any meeting of the minds or consideration. Therefore, the Court finds that Plaintiff has not stated a claim for breach of contract.

. . .

1    The Nevada Supreme Court considers the remedies provided by federal and state statutes to
2 be sufficiently comprehensive to bar a common law wrongful termination claim based on unlawful
3 discrimination. *De Los Reyes v. Southwest Gas* Corp., 2007 WL 2254717, at *Sands *Regent v.*
4 *Valgardson*, 777 P.2d 898, 200 (Nev.1989) (refusing to recognize a wrongful termination cause of
5 action based on age discrimination where the employee could recover under federal and state
6 discrimination statutes). Accordingly, the Court is unable to recognize Plaintiff's cause of action
7 for wrongful termination based on race and age discrimination as a cognizable claim under Nevada
8 law.
9    Nevada also has an anti-discrimination statute, however. Under Nevada Revised Statute
10 ("NRS") § 613.330(1), it is an unlawful employment practice to discharge any individual because
11 of his race, color, sex, religion, sexual orientation, age, disability or national origin. Nevada courts
12 have looked to the federal courts for guidance on discrimination claims because of the similarities
13 between Title VII and Nevada's anti-discrimination statute. *Pope v. Motel 6*, 114 P.3d 277,
14 280 (Nev. 2005). In light of this, because Plaintiff meets the pleading requirements to proceed with
15 his Title VII claim, the Court will permit Plaintiff to proceed with his state discrimination claim as
16 regards his age and race under NRS § 613.330(1).
17    To state a claim under section 1983, a Plaintiff must allege that an individual acting under
18 color of state law deprived him of a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42,
19 48 (1988). Plaintiff has not pled any facts that suggest the discrimination he allegedly suffered was
20 committed by a state actor. Therefore, the Court finds Plaintiff has not stated a claim under section
21 1983.
22    In the event Plaintiff elects to proceed in this matter by filing an amended complaint, he is
23 informed that the Court cannot refer to a prior pleading to make his amended complaint complete.
24 Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any
25 prior pleading. This is because, as a general rule, an amended complaint supersedes the original
26 complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended
27 complaint, the original pleading no longer serves any function in the case. Therefore, in an
28 amended complaint, as in an original complaint, each claim and the involvement of each defendant

must be sufficiently alleged.

## CONCLUSION

The Court finds Plaintiff has pled sufficient facts to proceed on his Title VII and Nevada anti-discrimination claims as regards his age and race. The Court finds that Plaintiff has not pled sufficient facts to proceed on his breach of contract, wrongful termination, retaliation, or section 1983 claims. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's breach of contract, common law wrongful termination, retaliation, and section 1983 claims are **dismissed** without prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that in the event Plaintiff wishes to file an amended complaint in this case, he shall file a motion for leave to do so within 30 days of the date of this Order.

DATED this 8th day of January, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge